```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Henri Bendel, Inc.,              :

    Plaintiff,               :

  v.                           :Case No. 2:17-cv-198

                                 :CHIEF JUDGE EDMUND A. SARGUS, JR.
Illuminum Incorporated Ltd.,    Magistrate Judge Kemp

    Defendant.               :

                              ORDER

Plaintiff Henri Bendel, Inc. filed a motion for leave to file under seal the complaint and attached exhibits A through G. By order dated March 10, 2017, the Court directed Henri Bendel to supplement its motion consistent with the requirements set forth in <u>Shane Group v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299 (6th Cir. 2016). Henri Bendel now has filed its supplemental memorandum. For the following reasons, the motion for leave to file under seal will be denied.

                               I.

In <u>Shane</u>, the Court of Appeals made explicit the obligations of both the party requesting nondisclosure and the court considering such a motion. In addressing the differences in such consideration between the discovery stage and the adjudication stage, the Court explained:

> "At the adjudication stage, however, very different considerations apply." <u>Joy v. North</u>, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. <u>Baxter</u>, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165, 1180 (6th Cir. 1983)....

<u>Id</u>. at 305.

Further citing to Brown & Williamson, 710 F.2d at 1179, the Court of Appeals noted that "courts have long recognized ... a presumption in favor of openness as to court records." Id. at 305. Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." Id., citing In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). This burden is "a heavy one" and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" Id., quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983). That is, "[t]he parties' asserted bases for sealing" cannot be "brief, perfunctory or patently inadequate." Id. at 306. The mere reference to a designation of confidentiality is a "protective-order justification[], not [a] sealing-order one[]." Id. Additionally, "the proponents of closure bear the burden of showing that 'disclosure will work a clearly defined and serious injury[.]'" Id. at 307, quoting Cendant, 260 F.3d at 194. Specificity in delineating the injury is essential. Id. at 307-308. Typically, only trade secrets, information covered by a recognized privilege and information required by statute to be maintained in confidence is enough to overcome the presumption of access. Id. at 308.

Moreover, even if a party demonstrates a compelling reason for filing under seal, "the seal itself must be narrowly tailored to serve that reason." Id. at 305, citing Press-Enter. Co. v. Superior Court of California, Riverside Cnty., 464 U.S. 501, 509-11 (1984). As a result, "the proponent of sealing" is required to "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" Id. at 305-306, quoting Baxter, 297 F.3d at 548.

II.

Henri Bendel seeks to file under seal its complaint for breach of contract and corresponding exhibits relating to a

-2-

confidential settlement agreement.  The exhibits consist of the agreement itself, emails discussing the settlement, and payment confirmations.  Henri Bendel has submitted copies of these documents to the Court for in camera review.  Financial account numbers have been redacted from these copies.

In its supplemental memorandum, Henri Bendel has attempted to explain document by document why sealing is necessary here.  Its justification, however, can be characterized as nothing more than the terms of the agreement itself and the general confidentiality courts typically have afforded settlement agreements.  Beyond this, Henri Bendel contends, without any citation to authority, that its negotiation and settlement strategies are proprietary.  The Court has reviewed the documents and, absent any explanation from Henri Bendel, the basis for this characterization of its strategies is not evident.  Additionally, it asserts, without details, that the disclosure of such proprietary information will result in competitive disadvantage.  Again, without additional specifics, the Court has no basis to reach such a conclusion.  In short, Henri Bendel's reasons for seeking leave to file under seal remain insufficient to meet the "demanding requirements for a seal" as set forth in Shane.

Moreover, the Court is not persuaded that Henri Bendel's request to seal the entire complaint and all exhibits can be characterized as narrowly tailored under Shane.  Henri Bendel explains that redaction was not possible because "[a]ll parts of the documents relate to the confidential settlement negotiations of the Parties and do not contain extraneous information."  Accepting Henri Bendel's expansive view would require the Court to maintain the entire case under seal.  Such a scenario would be inconsistent with the "strong presumption in favor of openness as to court records."  Shane, at 305.

For these reasons, the Court will deny the motion to seal.

Henri Bendel will be directed to file its complaint and exhibits as submitted to the Court for in camera review with financial account information redacted.

### III.

The motion for leave to file under seal (Doc. 1) is denied. Henri Bendel shall file its complaint and exhibits as submitted to the Court for in camera review with financial account information redacted.

### MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge